FILED

**NOT FOR PUBLICATION**

JUL 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENNY LAUT,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-73438<br><br>Agency No. A097-185-760<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014 **
Pasadena, California

Before: WARDLAW and FISHER, Circuit Judges, and DAWSON, District Judge.***

Henny Laut ("Petitioner"), a native and citizen of Indonesia, appeals the

decision of the Board of Immigration Appeals ("BIA") entering a finding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kent J. Dawson, Senior U.S. District Court Judge for the District of Nevada, sitting by designation.

frivolousness as to Petitioner's asylum application, and the BIA's affirmation of the Immigration Judge's denial of withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition. We also grant the motion to supplement the record.

Petitioner's accounts of targeted violence and temple-burning were material elements of her asylum application under 8 C.F.R. § 1208.20. *See, e.g.*, *Khadka v. Holder*, 618 F.3d 996, 1002 (9th Cir. 2010). Petitioner knowingly and intentionally misrepresented these accounts in her asylum application and interview. Such deliberate fabrication is all that is necessary to establish the scienter requisite for a finding of frivolousness. *Matter of Y-L-*, 24 I. & N. Dec. 151, 156 (BIA 2007). The BIA properly reviewed *de novo* the application of the framework set forth in *Matter of Y-L-*. *See id*. at 158-59; 8 C.F.R. § 1003.1(d)(3)(ii). However, the result for Petitioner is unchanged even if the BIA had reviewed a question of fact, requiring application of the "clear error" standard. *See Gallegos-Vasquez v. Holder*, 636 F.3d 1181, 1184 (9th Cir. 2011); 8 C.F.R. § 1003.1(d)(3)(i). Lastly, Petitioner cannot demonstrate that it is "more likely than not that [s]he would be subject to [future] persecution." *Al-Harbi v. I.N.S.*, 242 F.3d 882, 888 (9th Cir. 2001). Accordingly, the BIA properly denied withholding of removal.

Accordingly, the petition is **DENIED**.